George Hofmann (10005)
Matthew M. Boley (8536)
Adam H. Reiser (13339)
**Cohne Kinghorn, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

Attorneys for debtor-in-possession
Quinn's Junction Properties, LC.

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| In re | Bankruptcy No. 16-24458 (JTM) |
|---|---|
| QUINN'S JUNCTION PROPERTIES, LC., | Chapter 11 |
| Debtor. | |

**DEBTOR'S MOTION FOR AN ORDER UNDER BANKRUPTCY CODE SECTION 1121(d) EXTENDING EXCLUSIVE PERIOD DURING WHICH DEBTOR MAY SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN OF REORGANIZATION**

Quinn's Junction Properties, LC, debtor and debtor in possession (the "Debtor") in the above-captioned bankruptcy case (the "Case"), through counsel, hereby moves (the "Motion") this Court to enter an order extending the exclusive period during which the Debtor may solicit acceptances of its chapter 11 plan of reorganization. In support of the Motion, the Debtor respectfully represents as follows:

**I.    JURISDICTION AND VENUE**

1.    The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicate for the relief requested herein is section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code").

## II. BACKGROUND

5. The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 23, 2016 (the "Petition Date").

6. The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

7. No examiner or trustee has been appointed in this Case.

8. The Debtor filed its Plan of Reorganization on September 16, 2016 (the "Plan").

## III. RELIEF REQUESTED

12. The Debtor respectfully requests this Court to enter an order extending the Solicitation Period (as defined below) until February 17, 2017, a date that is ninety days after the expiration of the current Solicitation Period. If granted, the extension of the Solicitation Period will be without prejudice to (i) the right of the Debtor to seek further extensions of the Exclusive Periods or (ii) the right of any party in interest to seek to reduce the Solicitation Period for cause.

**V.    BASIS FOR RELIEF REQUESTED**

13.    Bankruptcy Code § 1121(b) provides for an initial 120-day period after the Petition Date within which the Debtor has the exclusive right to file a plan or plans of reorganization in their cases (the "Plan Period").  Bankruptcy Code section 1121(c) further provides for an initial 180 day period after the Petition Date within which the Debtor has the exclusive right to solicit and obtain acceptances of a plan filed by the Debtor during the Plan Period (the "Solicitation Period").

14.    In this case, the Solicitation Period is set to expire on November 19, 2016.

15.    Under Bankruptcy Code § 1121(d), the Court may extend the Solicitation Period for cause.  Specifically, section 1121(d) provides:

> [O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause . . . increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C § 1121(d)(1).

16.    Courts have identified several key factors relevant to a determination of whether cause exists under Bankruptcy Code section 1121(d), including the following:

(a)    The size and complexity of a debtor's case;

(b)    The amount of time that has elapsed since the debtor filed its bankruptcy case;

(c)    Whether unresolved contingencies exist that affect the debtor's ability to reorganize;

(d)    The debtor's progress in resolving issues facing its estate; and

(e)    Whether an extension of time will harm the debtor's creditors or other interested parties.

See In re Dow Corning Corp., 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997); In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex 1996); In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989); In re McLean Indus., Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); see also In re Adelphia Comm. Corp., 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006).

17. In determining whether to grant a requested extension of exclusivity, courts also consider whether a debtor has had a reasonable opportunity to negotiate an acceptable plan with various interested parties and to prepare adequate financial and non-financial information concerning the ramifications of any proposed plan for disclosure to creditors. See McLean, 87 B.R. at 833-34; In re Texaco, Inc., 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

18. In evaluating whether an extension under Bankruptcy Code section 1121(d) is warranted, courts are given maximum flexibility to review the particular facts and circumstances of each case. See In re Amko Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996) ("[A]pplying the 'flexibility' in dealing with the question of extension of exclusivity which the cases suggest . . . , we hold that debtor has shown cause for the extension."); In re Pub. Serv. Co., 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent [is] to promote maximum flexibility."); H.R. Rep. No. 95-595, at 232 (1978) ("[T]he bill allows the flexibility for individual cases that is unavailable today."), reprinted in 1978 U.S.C.C.A.N. 5963, 6191.

19. As set forth herein, the ninety day extension of the Solicitation Period is warranted here because, among other things:

(a) A key component of Debtor's Plan is the resolution of certain substantial issues with Quinn's Capital Partners, LLC ("QCap"), which remain unresolved;

(b) The Debtor has attempted to make significant progress in negotiating a potentially consensual plan of reorganization with QCap, and in particular at an early stage in this case the Debtor and QCap participated in a mediation conducted by Judge Kevin R. Anderson;

(c) More recently, the Debtor and QCap have had substantive discussions concerning scheduling a potential second mediation;

(d) The Debtor's case is relatively large and complex, in particular given the complex state court litigation pending between the Debtor and QCap;

(e) The Debtor has made significant progress in resolving issues facing its estate, as the Court is aware through the hearings conducted in this matter and the pleadings on file; and

(e) Confirmation of such a plan will allow the Debtor to preserve its value as an ongoing concern, which can only benefit the Debtor's creditors.

20. This Motion is the Debtor's first request for an extension of the Solicitation Period. It cannot be reasonably asserted that the Debtor is seeking an extension of the Solicitation Period to unfairly prejudice or pressure the Debtor's creditors. Instead, the extension requested by the Debtor is an exercise of prudent business judgment and an attempt to have adequate time to negotiate terms with QCap and other creditors.

21.  In sum, the requested extension of the Solicitation Period will facilitate the Debtor's efforts to maximize the value of its estate by providing the Debtor with a full and fair opportunity to seek acceptances of the Plan.  The Debtor submits that the extension requested herein will increase the likelihood of a greater distribution to creditors than would be possible if the Debtor was required to seek confirmation without additional time to finalize acceptance of the Plan with key creditors.

WHEREFORE, the Debtor respectfully requests the Court to enter an Order granting the Debtor's motion, pursuant to section 1121 of the Bankruptcy Code, and extending the exclusive period to solicit acceptance of the Plan through and including February 17, 2017, and for such other and further relief as is just and proper under these circumstances.

Dated:  November 9, 2016

**COHNE KINGHORN, P.C.**

/s/ George Hofmann
George Hofmann
Matthew M. Boley
Adam H. Reiser

Attorneys for the Debtor