Jeffrey W. Shields (#2948)
Blake D. Miller (#4090)
Eric P. Lee (#4870)
Paul R. Smith (#14325)
**JONES, WALDO, HOLBROOK & McDONOUGH, P.C.**
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101
Telephone: (801) 521-3200
jshields@joneswaldo.com
elee@joneswaldo.com
psmith@joneswaldo.com
*Attorneys for Quinn Capital Partners, LLC*

## IN THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| In re:                              |                               |
|-------------------------------------|-------------------------------|
| QUINN'S JUNCTION PROPERTIES, LC,    | Bankruptcy Case No. 16-24458  |
| Debtor.                             | Chapter 11                    |

### MOTION OF QUINN CAPITAL PARTNERS, LLC FOR TEMPORARY ALLOWANCE OF CHAPTER 11 CLAIMS FOR VOTING PURPOSES

Creditor Quinn Capital Partners, LLC ("**QCAP**"), by and through its undersigned attorneys, respectfully moves the Court for an order pursuant to Federal Rule of Bankruptcy Procedure 3018(a) for temporary allowance of its two claims filed in this matter (to which Debtor has objected) in the amount of its filed proofs of claim solely for purposes of voting on Debtor's proposed plan of reorganization should the Court approve Debtor's proposed disclosure statement.

1252553.1

## I. JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and (b). This is core proceeding arising under the Bankruptcy Code pursuant to 28 U.S.C. § 157(b)(2)(B).

2. The statutory predicates for the relief requested are Bankruptcy Code §§ 105(a), 502(c) and Federal Rule of Bankruptcy Procedure 3018(a).

## II. SUMMARY OF RELIEF REQUESTED

QCAP is the largest secured creditor (and the largest overall creditor) in this case under a loan facility with the Debtor, the obligations of which are secured by a second position deed of trust on the principal asset of this estate, the real estate project known as the Park City Film Studios in Park City, Utah ("**Real Property**").[1] QCAP's deed of trust perfects a security interest both in title to the Real Property and to other related assets, particularly rents and other cash. QCAP's deed of trust is junior to a deed of trust in favor of creditor Bank of Utah which secures a construction loan on the Real Property in the approximate sum of $4.5 million.

On September 16, 2016, Debtor filed its proposed plan of reorganization. On September 22, 2016, Debtor filed its proposed disclosure statement along with a motion to approve the disclosure statement, voting and solicitation procedures. On September 23, 2016, QCAP filed a secured proof of claim in the amount of $14,008,163.66 supported by a prepetition promissory note secured by the second position deed of trust on the title to the Real Property.

---

[1] In addition, QCAP holds a perfected mechanics lien on the Real Property which was assigned to QCAP by the contractor on the project, Sahara Construction.

2

1252553.1

On September 26, 2016, (the non-government claims deadline), QCAP filed a second proof of claim for $5,052,288.77 supported by a prepetition perfected mechanic's lien recorded on the Real Estate title which QCAP purchased from the general contractor prior to the petition date.

On November 3, 2016, Debtor filed objections to both of QCAP's claims. These objections were interposed by Debtor one day before the first hearing set for approval of Debtor's disclosure statement, voting and solicitation procedures.[2]

Although QCAP has objected to the sufficiency of the grossly inadequate proposed disclosure statement and cited to additional objections to the confirmability of the proposed plan, QCAP is in need of relief in the form of an order temporarily allowing its claims for purposes of voting in order to protect its right to vote in the event Debtor's disclosure statement, or some variation of it, is approved and the plan moves towards confirmation.

### III. STATEMENT OF RELEVANT FACTS

1. Debtor is a Utah limited liability company whose majority members are Greg Ericksen and his trust, MM Trust, with nominal interests held by Ericksen's spouse.

2. Mr. Ericksen formed Debtor to develop approximately the Real Property which consists of 29 acres of land at 4001 Kearns Blvd., Park City, Utah. *See* Motion for Order Authorizing Use of Cash Collateral ¶¶ 8–9, Dkt. No. 67.

---

[2] Debtor, with QCAP's agreement, moved in open court on November 3, 2016 to continue hearing on approval of the disclosure statement to November 14, 2016.

3. In November of 2014, Debtor executed and delivered to QCAP a Secured Promissory Note (the "**Note**") payable to QCAP in the principal amount of $6.4 million. *See* Claim 1-1 and exhibits thereto.

4. The indebtedness payable under the terms of the Note, as well as additional advances made by QCAP to Debtor in the aggregate amount of $12 million, is secured by a Deed of Trust with Absolute Assignment of Leases and Rents, Security Agreement and Fixture Filing dated November 14, 2014 (the "**Deed of Trust**"). *Id.*

5. Due to numerous defaults under the Note, on July 1, 2015, QCAP filed its Complaint against (among others) Debtor, initiating *Quinn Capital Partners, LLC v. Quinn's Junction Properties LC et al.*, Civ. No. 150500267 (the "**State Court Litigation**").

6. On or about January 27, 2016, QCAP, through its trustee, recorded a Notice of Default and Election to Sell Under Deed of Trust (the "**Notice of Default**"), declaring the obligations secured by the Deed of Trust and default and commencing non-judicial foreclosure. *See* Claim 1-1 and exhibits thereto.

7. On or about April 27, 2016, QCAP, through its trustee, published a notice of trustee's sale, setting the sale for May 31, 2016. *Id.*

8. Approximately one week before the scheduled date of the trustee's sale, Debtor filed its Petition for Chapter 11 bankruptcy protection. *See* Dkt. No. 1.

9. On May 27, 2016, just four days after filing the Petition, Debtor filed its Motion for Relief from Stay, in which Debtor admitted that the parties' claims against each other "can be adjudicated and resolved by the State Court in the [State Court Litigation]" and asked the Court

1252553.1

4

to permit the State Court Litigation to continue. Motion for Relief from Stay Permit State Court Litigation to Continue ("**Stay Relief Motion**"), Dkt. No. 13, at ¶ 27.

10. On June 14, 2016, the Court heard arguments on the Stay Relief Motion and ruled orally from the bench that it would terminate the stay to allow the State Court Litigation to continue to determine the claims of QCAP and Debtor's objection to those claims. *See* Transcript regarding Hearing Held 6/14/16, Dkt. No. 62.

11. On July 11, 2016 the Court entered its Order memorializing its oral ruling from the June 14, 2016 hearing that the automatic stay was terminated effective July 22, 2016. *See* Dkt. No. 79.

12. On July 22, 2016, the effective date the Court terminated the automatic stay, Debtor filed nine (9) pleadings in the State Court Litigation, including oppositions to motions filed by plaintiffs in April and May 2016, as well as a Motion for Leave to File Second Amended Counterclaim and Third-Party Complaint.

13. According to Debtor's statements and schedules, the total value of the assets in the bankruptcy estate is $37,443,507.37. *See* Debtor's Schedule A/B, Dkt. No. 26, p. 6.

14. The most substantial and valuable asset in the bankruptcy estate is the Real Property. Indeed, Debtor values its interest in the Real Property at $36,315,000.00, or 97% of the total value of the estate. *See id.* at 3.

15. On September 16, 2016, Debtor filed its proposed Plan of Reorganization ("**Plan**")(Dkt. No. 123).

16. On September 22, 2016, Debtor filed its Motion for an Order (i) Approving Disclosure Statement with Respect to Debtor's Plan of Reorganization, (ii) Establishing Voting Record Holder Date, (iii) Approving Solicitation Procedures, Form of Ballots, and Manner of Notice, and (iv) Fixing the Deadline for Filing Objections to the Confirmation of the Plan and Time for Confirmation Hearing and Objections to Confirmation ("**Motion to Approve Disclosure Statement**") (Dkt. No. 129). The proposed disclosure statement is separately filed as Dkt. No. 128.

17. Under the proposed Plan, QCAP's claims are classified in three classes in which it is the only claim holder – Classes 2, 3 and 5. Although the Debtor expresses the desire to have the state court determine the Allowed Amount of all QCAP's claims, the treatment of QCAP's claims presume the ability of QCAP to vote its claims. For example, the proposed treatment of QCAP's claims are affected on whether QCAP votes for the Plan. In fact, the Debtor believes the Plan contains an incentive for QCAP to vote for the Plan.

18. Under the proposed Plan, on the Initial Payment Date, the Debtor proposes to pay $4,200,000 of QCAP's Class 2 Claim and $6,400,000 of QCAP's Class 3 Claim.

19. September 29, 2016, was established for the deadline for filing non-governmental proofs of claim. On September 23, 2016, QCAP filed its Claim 1-1 asserting a fully secured claim in the amount of $14,008,163.66 supported by the Note, Deed of Trust, and advances thereunder. *See,* Claim 1-1.[3]

---

[3] Debtor has variously asserted that QCAP has agreed to the value of the property at $36,316,000.00. This is the value which *Debtor* scheduled the property based on an appraisal

20. On September 26, 2016, QCAP filed Claim 2-1 in the amount of $5,052,288.71 supported by the prepetition perfected mechanic's lien which it had purchased from the builder on the property, Sahara Construction. *See,* Claim 2-1.

21. On November 2, 2016, Debtor filed its objection to QCAP's Claim 1-1. Dkt. No. 153. This objection incorporated certain pleadings in the State Court Litigation showing the disputes raised by Debtor in the state court action.

22. On the same date, Debtor filed its objection to QCAP Claim 2-1. Like the first objection, Debtor incorporated certain pleadings from the state court litigation which assert Debtor's objections and defenses to the mechanic's lien claim.

23. Debtor's Motion to Approve Disclosure Statement originally came for hearing before the Court on November 3, 2016. On motion of Debtor, with the agreement of QCAP, the hearing was continued to November 14, 2016.

## ARGUMENT

### The Court Should Temporarily Allow QCAP's Claims for Purposes of Voting on the Plan of Reorganization.

QCAP has objected to the sufficiency of the Disclosure Statement and urges the Court to deny approval without significant changes (and renoticing for hearing), none of which have been made sufficient to comply with the disclosure statement requirements of the Bankruptcy Code.

---

obtained by the Debtor. In fact, the only reference QCAP has made to the value is that it is the value at which *Debtor* has scheduled the property. QCAP fully reserved its rights to put on evidence of a different evaluation of the property. *See,* Claim 1-1, Claim Narrative.

7

1252553.1

However, in an abundance of caution, QCAP requests that the Court temporarily allow its claims for purposes of voting if the plan, or some variation of it, goes forward toward confirmation.

One of the requirements of plan confirmation in chapter 11 is that each class of impaired claims under the plan must vote to accept the plan. Bankruptcy Code § 1129(a)(8). Section 1126 of the Bankruptcy Code provides that only a "holder of a claim . . . *allowed* under § 502" is entitled to accept or reject a chapter 11 plan. *Id.* Determining which claims are *allowed* claims, therefore, is critically important to the chapter 11 voting process.

Section 502 is the primary Bankruptcy Code provision dealing with the allowance of claims, and it provides that a claim for which a proof of claim has been filed is deemed to be an allowed claim "unless a party in interest . . . objects." Bankruptcy Code § 502(a). A creditor who files a proof of claim in a chapter 11 case can therefore be disenfranchised if a party in interest – usually the debtor – files an objection to the claim. *See, e.g., Stonehedge Properties v. Phoenix Capital Corp. (In re Stonehedge Properties)*, 191 B.R. 59, 63 (Bankr. M.D. Pa. 1995) ("[a] creditor whose claim is objected to is therefore disenfranchised from voting on the plan"). A class of impaired claims is deemed to have accepted a chapter 11 plan if the holders of more than one-half in number and at least two-thirds in dollar amount of the voting claims in the class vote to accept the plan. Bankruptcy Code § 1126(c). Absent some remedy, a debtor could otherwise block the vote of a dissenting creditor who is likely to vote to reject a proposed plan by simply filing an objection to the claim. If the creditor's claim is large enough compared to the total amount of claims in a particular class, the Debtor could thereby swing the vote in that class through such plan voting mischief.

To remedy this imbalance, Bankruptcy Rule 3018(a) permits an otherwise non-allowed claim to be temporarily allowed for purposes of voting on a chapter 11 plan. The Tenth Circuit Bankruptcy Appellate Panel, for example, in a case originating in this Court, *Armstrong v. Rushton (In re Armstrong)*, 294 B.R. 344 (BAP 10th Cir. 2003), held that a creditor may file a temporary allowance motion under Rule 3018(a) where: (1) an objection has been filed to the creditor's claim too close to the plan confirmation hearing to be resolved prior to voting: (2) a hearing on the claim objection would unduly delay the chapter 11 case; or, (3) a frivolous or questionable objection to the claim has been filed. *Id.* at 354 (citing 9 L. King *Collier on Bankruptcy*, ¶ 3018.01[5] (15th ed. 2003)). The allowance of a claim under Rule 3018(a), moreover, is a summary proceeding and is not binding as an allowance of the claim for aspects of the chapter 11 case other than voting on the plan. *See, e.g., In re Armstrong*, 294 B.R. at 354; *In re First Republic Bank Corp*, 1990 Bankr. LEXIS 2840, *5 (Bankr. N.D. Tex. June 19, 1990); *In re Zolner*, 173 B.R. 629, 633 (Bankr. E.D. Ill. 1994), *aff'd sub nom, Chicago Truck Drivers v. Zolner*, 249 B.R. 287 (N.D. Ill. 2000).

A bankruptcy court must undertake the Rule 3018(a) temporary allowance analysis without regard for how its decision will ultimately affect confirmation of the plan. *In re First Republic Bank Corp.* at *6.

This is a textbook case for application of Rule 3018(a) in favor of QCAP. First, because the resolution of the dispute concerning both QCAP's claims has been commended to the Utah state court, the objections to QCAP's claims have been filed too close to a plan confirmation hearing (if this plan goes forward) to be resolved prior to the voting – this because the full

resolution of the State Court Litigation is not anticipated for many months. Second, even if this Court determines to pull that dispute back into this case for resolution on the merits, such a hearing, given the issues between the parties would unduly delay the case. Third, although Debtor will disagree, QCAP asserts that the objections to its claims are frivolous or questionable as are Debtor's claims and defenses in the state court litigation. While the burden of proof is on the claimant regarding its claims, for temporary allowance, a claimant need only show that it has a "colorable claim" capable of temporary evaluation. *In re Armstrong*, 294 B.R. at 354. QCAP, without question, has at least "colorable claims" for purposes of applying Rule 3018(a). Fourth, since the Debtor has attempted to isolate each of QCAP's claims into separate classes of their own under a Plan that contains its own claims allowance procedure for such claims, the only purpose of filing the claims objection at this time is an attempt to disenfranchise QCAP. As long as QCAP has "colorable claims" of at least $1.00 in each of the three classes, it should be able to vote these claims. Since the Debtor has placed these claims in classes of their own, the amounts are irrelevant for voting purposes. Fifth, the objections to the claims make little sense because the Debtor's own plan contemplates QCAP voting its claims and attempts to penalize QCAP if it doesn't vote its claims in favor of the Plan. Such a provision has no place in a plan where the Debtor simultaneously attempts to prevent QCAP from voting.

Absent temporary allowance, the largest and most important creditor's rights to vote on a plan will be disenfranchised by Debtor's objections to its claims. The Court should not countenance such maneuvers.

## CONCLUSION

QCAP respectfully requests that the Court enter its order temporarily allowing QCAP's claims as filed for voting purposes only pursuant to Rule 3018(a) prior to any voting deadline established on a plan in this case and for such other and further relief as the Court deems appropriate.

DATED this 10th day of November, 2016.

> JONES, WALDO, HOLBROOK & McDONOUGH, P.C.
>
> By: _/s/ Jeffrey W. Shields_
> Jeffrey W. Shields
> Blake Miller
> Paul R. Smith
> Eric P. Lee
> *Attorneys for Quinn Capital Partners, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2016, I caused the foregoing **MOTION OF QUINN CAPITAL PARTNERS, LLC FOR TEMPORARY ALLOWANCE OF CHAPTER 11 CLAIMS FOR VOTING PURPOSES** to be electronically filed with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system, and that the parties of record in this case, as identified below, are registered CM/ECF users and were served through the CM/ECF system:

Megan K Baker baker.megan@dorsey.com,
long.candy@dorsey.com;posada.monica@dorsey.com
Matthew M. Boley mboley@cohnekinghorn.com, jhasty@cohnekinghorn.com
Brandon T. Crowther btc@prestonandscott.com
George B. Hofmann ghofmann@cohnekinghorn.com,
dhaney@cohnekinghorn.com;jthorsen@cohnekinghorn.com
John T. Morgan tr john.t.morgan@usdoj.gov,
James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
Adam H Reiser areiser@cohnekinghorn.com
Jerome Romero jromero@joneswaldo.com
Nathan Seim seim.nathan@dorsey.com, ventrello.ashley@dorsey.com
Jeffrey Weston Shields jshields@joneswaldo.com, jgatherum@joneswaldo.com
Paul R Smith psmith@joneswaldo.com, achavez@joneswaldo.com
United States Trustee USTPRegion19.SK.ECF@usdoj.gov
Steven T. Waterman waterman.steven@dorsey.com,
bingham.karen@dorsey.com;ventrello.ashley@dorsey.com
Blake D. Miller bmiller@joneswaldo.com

    I further certify that on November 10, 2016, I caused a true and correct copy of the foregoing to be served by U.S. Mail, postage prepaid, to all parties listed on the Mailing Matrix for Bankruptcy Case No. 16-24458 dated November 10, 2016, as attached hereto as Exhibit A, and the Equity Security Holders List attached hereto as Exhibit B.

    I further certify that on November 10, 2016, I caused a true and correct copy of the foregoing to be sent by U.S. Mail, postage prepaid, addressed to the following:

Quinn's Junction Properties, LC
4001 Kearns Blvd.
Park City, UT 84060

Quinn's Junction Properties, LC

1252553.1

1065 South 500 West
Bountiful, UT 84010

    John T. Morgan tr
    U.S. Trustee's Office
    Ken Garff Bldg.
    405 South Main Street, Suite 300
    Salt Lake City, UT 84111-3402

Securities Exchange Commission
Attn: Bankruptcy Department
44 Montgomery Street, #1100
San Francisco, CA 94101-4613

    Stanley J. Preston
    Preston & Scott, LLC
    111 E. Broadway, Suite 1200
    Salt Lake City, UT 84111

    George B. Hofmann
    Matthew Boley
    Cohne Kinghorn
    111 E. Broadway, Suite 1100
    Salt Lake City, UT 84111

    Dorsey & Whitney
    Steven T. Waterman
    Kearns Building
    136 South Main Street, Suite 1000
    Salt Lake City, UT 84101-168

    DATED this 10th day of November, 2016.

                                                    */s/ Jeffrey W. Shields*
                                                    Jeffrey W. Shields
                                                    *Attorneys for Quinn Capital Partners, LLC*

# EXHIBIT A

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1088-2<br>Case 16-24458<br>District of Utah<br>Salt Lake City<br>Thu Nov 10 15:20:05 MST 2016 | Megan K Baker<br>Dorsey & Whitney, LLP<br>136 South Main St.<br>Suite 1000<br>Salt Lake City, UT 84101-1685 | Bank of Utah<br>2605 Washington Blvd.<br>Ogden, UT 84401-3613 |
| Matthew M. Boley<br>Cohne Kinghorn<br>111 E. Broadway<br>11th Floor<br>Salt Lake City, UT 84111-5225 | Cooper Williams<br>136 South Main Street, Ste A300<br>Salt Lake City, UT 84101-3311 | Brandon T. Crowther<br>Preston & Scott, LLC<br>111 E. Broadway<br>Suite 1200<br>Salt Lake City, UT 84111-5203 |
| Denise Ericksen<br>1065 South 500 West #101<br>Bountiful, UT 84010-8293 | Greg Ericksen<br>1065 South 500 West Suite 101<br>Bountiful, UT 84010-8293 | Greg S. Ericksen Law Offices<br>1065 South 500 West, Suite 101<br>Bountiful, UT 84010-8293 |
| George B. Hofmann<br>Cohne Kinghorn PC<br>111 East Broadway<br>11th Floor<br>Salt Lake City, UT 84111-5225 | IBI Group<br>10 Exchange Place, Ste 112<br>Salt Lake City, UT 84111-5109 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Kirton & McConkie<br>ATTN: Accounts Receivable<br>PO Box 45120<br>Salt Lake City, UT 84145-0120 | MM Trust<br>1065 South 500 West #101<br>Bountiful, UT 84010-8293 | Blake D. Miller<br>Jones, Waldo, Holbrook & McDonough, P.C.<br>170 South Main Street, Suite 1500<br>Salt Lake City, UT 84101-1644 |
| John T. Morgan tr<br>US Trustees Office<br>Ken Garff Bldg.<br>405 South Main Street<br>Suite 300<br>Salt Lake City, UT 84111-3402 | Stanley J. Preston<br>Preston & Scott, LLC<br>111 E. Broadway<br>Suite 1200<br>Salt Lake City, UT 84111-5203 | Quinn Capital Partners, LLC<br>1776 Park Avenue, #145<br>Park City, UT 84060-5148 |
| Quinn Capital Partners, LLC<br>c/o Gary Crandall<br>12 Eagle Pointe Ct<br>Park City, UT 84060-6863 | Quinn's Junction Properties, LC<br>4001 Kearns Blvd.<br>Park City, UT 84060-6103 | R3 Media<br>1065 South 500 West #101<br>Bountiful, UT 84010-8293 |
| Adam H Reiser<br>Cohne Kinghorn PC<br>111 East Broadway<br>11th Floor<br>Salt Lake City, UT 84111-5225 | Jerome Romero<br>Jones Waldo Holbrook & McDonough<br>170 South Main Street<br>Suite 1500<br>Salt Lake City, UT 84101-1644 | Sahara, Inc.<br>aka Sahara, LLC<br>801 North 500 West, Ste 300<br>Bountiful, UT 84010-6848 |
| Nathan Seim<br>Dorsey and Whitney LLP<br>136 South Main Street<br>Suite 1000<br>Salt Lake City, UT 84101-1685 | Jeffrey Weston Shields<br>Jones Waldo<br>170 South Main, Suite 1500<br>Salt Lake City, UT 84101-1644 | Paul R Smith<br>Jones Waldo Holbrook & McDonough<br>170 S. Main #1500<br>Salt Lake City, UT 84101-1644 |
| Summit County<br>PO Box 128<br>Coalville, UT 84017-0128 | United States Trustee<br>Ken Garff Bldg.<br>405 South Main Street<br>Suite 300<br>Salt Lake City, UT 84111-3402 | Utah State Tax Commission<br>Attn: Bankruptcy Unit<br>210 North 1950 West<br>Salt Lake City, UT 84134-3340 |

Steven T. Waterman
Dorsey & Whitney LLP
136 South Main Street
Suite 1000
P.O. Box 45925
Salt Lake City, UT 84145-0925

Western Capital Mortgage Services, LLC
5808 South Cove Creek Lane
Murray, UT 84107-6646

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Bank of Utah

(u)Gil A. Miller
Rocky Mountain Advisory, LLC

(u)Quinn Capital Partners, LLC

End of Label Matrix
Mailable recipients    31
Bypassed recipients     3
Total                  34

# EXHIBIT B

# United States Bankruptcy Court
## District of Utah

In re  Quinn's Junction Properties, LC.                                   Case No. _____
                                        Debtor(s)                          Chapter   11

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Quinn Junction Partnership<br>1065 South 500 West<br>Bountiful, UT 84010 | | 100% | Member |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Chief Restructuring Officer** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  May 23, 2016                              Signature  /s/ Michael Martin
                                                           Michael Martin

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.